COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT DEPARTMENT
                                                    DOCKET NO.

| | |
|---|---|
| KIMBERLY HUNTER | ) |
| Plaintiff, | ) |
| v. | ) |
| DELL TECHNOLOGIES, INC. and EMC CORPORATION, | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

### Introduction

1. Plaintiff Kimberly Hunter resides at 7 Alderbrook Road, Andover, Massachusetts.

2. Defendant Dell Technologies, Inc. ("Dell") is a Texas Corporation with a usual address of 176 South Street, Hopkinton, MA.

3. Defendant EMC Corporation ("EMC"), is a Massachusetts Corporation with a usual address of 176 South Street, Hopkinton, MA.

4. The Defendant Dell and EMC (collectively referred to as "Defendants") are completely intertwined with each other and are operated as one entity. All the Defendants, on information and belief, at all times relevant hereto, owned and managed by the same individuals.

5. Plaintiff worked for the Defendants from December 2005 until July 2018 as an aircraft scheduler/dispatcher. She received an annual salary of $113,000. The

       Plaintiff was supervised by Bas DeBrujn, Dell's Director of Aviation. She did not have any employees or other reports working for her or under her direction.

6. The Plaintiff did not exercise discretion and/or independent judgment in her position.

7. When an employee of the Defendants wanted an aircraft, the Plaintiff was required to check a list to see if they were approved. She was not allowed to deviate from this list. The Plaintiff then checked the scheduling software, which told her if the aircraft and/or the six pilots were available (*i.e.*, they were not on vacation, scheduled for training, or unavailable for any other reason). The Plaintiff would then make a preliminary selection of a pilot and co-pilot. Over 60% of the time, there was no absolutely choice as to who to select given the limited number of pilots.

8. Bas DeBrujn was the final selector of the pilots and co-pilots and would adjust the schedule as he saw fit. If there were no pilots available to fly, he would select a contract pilot.

9. The Plaintiff was also in charge of downloading reports from the flight software and sending the reports to the Dell Tax Department.

10. The bulk of Plaintiff's job consisted of carrying out the logistic requests of the passengers and tracking each flight. The Plaintiff would receive orders from the executives that were flying regarding the food they wanted and she would order the food. The Plaintiff would check in with the pilots 1.5 hours in advance of each flight. She would act as a liaison between the pilot and the executives (and/or their administrative assistants) as to the schedule of the plane or the

passengers. Once the plane was in the air, the Plaintiff was required to watch the track of the plane. Once the plane landed, the Plaintiff communicated with the pilots concerning the flight and the departure of the executives from the airport.

11. The Plaintiff worked overtime each week, typically more than 70 hours per week, but was not paid any overtime pay.

12. The Plaintiff was terminated by the Defendants on July 24, 2018 and was not paid her wages on the date on her termination. She was further not paid any interest for the late payment.

13. The Plaintiff was given three weeks of vacation time, one personal week, three floater holidays, each calendar year. When the Plaintiff took vacation, personal time and/or holidays, she was required to monitor flights while each plane was in the air and continue her regular job duties, which occupied the bulk of each day. Even though the Plaintiff was required to work on vacation, during her personal time off, and holidays, she was not pay her usual salary. As such, the Plaintiff's vacation time was improperly taken from her as she was required to work during her alleged vacation time and holiday time.

### Count I

### Violation of the Fair Labor Standards Act – Overtime Wages

14. The Plaintiff realleges and reincorporates paragraphs 1-13 herein.

15. The Defendants have annual sales greater than $500,000 per year and are engaged in interstate commerce.

16. The Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff overtime wages for all time Plaintiff worked in excess

3

of forty (40) hours in individual work weeks.

17. During the course of Plaintiff's employment, the Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work in excess of forty (40) hours in individual work weeks, and on average worked more than 70 hours per week.

18. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

19. Defendants did not compensate Plaintiff at one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

20. Defendants' violations of the Fair Labor Standards Act were repeated, willful and intentional.

21. The Plaintiff has been damaged by these violations of the Fair Labor Standards Act.

22. Pursuant to 29 U.S.C. §207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of her unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action.

## COUNT II
### Violation of the Massachusetts Wage Act

23. The Plaintiff realleges and reincorporates paragraphs 1-22 herein.

24. Defendants' conduct in failing to pay the Plaintiff for all hours worked, as set forth above, violates M.G.L. c. 149, § 148. This claim is brought pursuant to M.G.L. c. 149, § 150.

25. The Plaintiff was not timely paid her last check and was not given any compensation for the delay.

26. The Plaintiff was not paid all of her wages, to include, not limited to vacation pay as she was required to work the bulk of her vacations.

27. Pursuant to the Massachusetts Wage Act, the Defendants are liable to Plaintiff for the full amount of her vacation pay, compensation for the late last check, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action.

## COUNT III

## OVERTIME VIOLATIONS

28. The Plaintiff realleges and reincorporates paragraphs 1-27 herein.

29. Defendants' conduct in failing to pay the Plaintiff time-and-a-half for unpaid hours worked in excess of forty per week, as set forth above, violates M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

30. As such, the Defendants are liable to Plaintiff for the full amount of her overtime pay, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action.

## Count IV

## Wrongful Termination/Retaliation

31. The Plaintiff realleges and reincorporates paragraphs 1-30 herein.

32. The Plaintiff made complaints to her supervisor Bas DeBrujn, her supervisor and Dell's Director of Aviation and Kristina Fileva (DeBrujn's supervisor), about the fact that her vacation time was improperly deducted from her as she was forced to work. She also complained to DeBrujn about his scheduling of pilots and how it violated FAA Sec. 91.1059.

33. The Defendants terminated the Plaintiff due to her complaints concerning this violation of FAA rules and the improper deduction of vacation time for time she spent working.

34. The Plaintiff's discharge was in violation of public policy as it came about in retaliation for the Plaintiff's complaints about the violation of FAA rules and violation of Massachusetts wage law.

35. The Plaintiff has suffered career loss, a financial loss, emotional distress, plus attorney's fees, costs and interest.

36. Wherefore, the Plaintiff demands judgment against the Defendants for wrongful termination/retaliation.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all her claims.

WHEREFORE, Plaintiffs requests that this Court enter the following relief:

1. An award of damages for all wages, vacation pay, overtime wages, and interest for the late wage payment that are due to the Plaintiff under Counts I-III;

2. An award of damages including front pay, back pay, emotional distress that are due to the Plaintiff under Count IV;

3.   Statutory trebling of all wage-related damages;

4.   Attorneys' fees and costs;

5.   Pre- and post-judgment interest; and

6.   Any other relief to which the named Plaintiff may be entitled.

Respectfully submitted,

Kimberly Hunter

By her attorney,

10/5/18

David B. Summer (BBO 634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 695-0050
Fax: (617) 695-0055